IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WILLIAM CLAYTON COX and ANGIE S. COX, | **REPORT AND RECOMMENDATION** |
| Plaintiffs, | Case No.  2:11-cv-01058-DB-EJF |
| v. | |
| BEN A. PICKLESIMER; et al., | District Judge Dee Benson |
| Defendants. | Magistrate Judge Evelyn J. Furse |

On May 15, 2012, District Judge Dee Benson referred this case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. section 636(b)(1)(B).  (Docket No. 12.)  On May 21, 2012, this case was reassigned to the undersigned Magistrate Judge.  (Docket No. 13.)  Plaintiffs filed their Complaint pro se on November 17, 2011.  (Docket No. 1.)  On March 22, 2012, Defendants BNC Mortgage and Mortgage Electronic Registration System (collectively, "Defendants") filed their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve.  (Docket No. 2.)  Plaintiffs subsequently filed their opposition memorandum and requested an extension of time to serve defendants.  (Docket No. 7.)

The undersigned Magistrate Judge has carefully read the Motions and Memoranda. Because the Plaintiffs relied on an errant instruction from the Clerk of Court not to serve Defendants until instructed to do so, the undersigned Magistrate Judge recommends that the District Judge deny the Defendants' Motion to Dismiss and grant the Plaintiffs' Motion for Extension of Time to Serve Defendants.

## DISCUSSION

Defendants filed their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 4(m) for Plaintiffs' failure to serve the Summons and Complaint within the time allowed for service.  Rule 4 states in pertinent part

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that the service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Plaintiffs filed this action on November 17, 2011.  When Defendants filed their Motion to Dismiss on March 22, 2012, over 120 days had elapsed since the Plaintiffs filed their Complaint.  Though Plaintiffs proceed in this matter pro se, they must meet the requirements of Rule 4(m).  *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) (citing *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993)).[1]

In deciding whether to dismiss a case pursuant to Rule 4(m),

> [t]he preliminary inquiry to be made . . . is whether the plaintiff has shown good cause for the failure to timely effect service. . . .  If good cause is shown, the plaintiff is entitled to a mandatory extension of time.  If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted.  At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

*Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000) (quoting *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995)).  Inadvertence, negligence, mistake of counsel, or ignorance of the Rules generally will not constitute good cause.  *In re Kirkland*, 86 F.3d at 176 (citations omitted).  Rather, a party "seek[ing] to rely on the good cause provision must show meticulous efforts to comply with the rule."  *Id.* (citation omitted).

---

[1] The time-for-service requirement of Rule 4 was moved from subdivision (j) to subdivision (m) as part of the 1993 amendments to Rule 4, retaining much of the same language. *See Armstrong v. Sears*, 33 F.3d 182 n.1 (2d Cir. 1994).

Good cause may exist, however, where a pro se plaintiff fails to serve because of an errant instruction from the Clerk of Court. *See Block v. Boeing Military Airplane Co.*, 671 F. Supp. 19, 22 (D. Kan. 1987); *Gonzalez-Aller Balseyro v. GTE Lenkurt, Inc.*, 702 F.2d 857, 859 (10th Cir. 1983). In *Block*, the district court found good cause for the plaintiff's failure to serve and denied a motion to dismiss where the plaintiff filed an affidavit suggesting he detrimentally relied on the Clerk of Court, causing the delay in service. *Block*, 671 F. Supp. at 22. The Tenth Circuit reached a similar result in *Gonzalez-Aller*. In that case, the Tenth Circuit found that equitable tolling applied where the Clerk of Court erroneously told the plaintiff the ninety-day time limit to file after receipt of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission would toll until plaintiff obtained counsel. *Gonzalez-Aller*, 702 F.2d at 859.

Here, Plaintiffs aver the Clerk of Court specifically instructed them not to serve the Defendants until instructed to do so pending a preliminary review by the Court. (Pls.' Opp. Mem. 2.) Plaintiffs state they never received permission from the Court to serve Defendants thus causing the delay in service. *Id.* Because the Clerk of Court's errant instructions caused Defendant's failure to serve and Defendants allege no prejudice from the delay in service, the Court should deny Defendants' Motion to Dismiss and grant Plaintiffs an extension of time for service under Rule 4(m).

## RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge RECOMMENDS that the District Judge DENY Defendants' Motion to Dismiss and GRANT Plaintiffs an extension of time to serve Defendants.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The parties must file any objection to this Report and Recommendation within fourteen (14) days after receiving it.  *Id.*  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 8th day of November, 2012

BY THE COURT:

EVELYN J. FURSE
United States Magistrate Judge